## SLOSSON v. THE B., C. R. & N. R. Co.

1. **Railroads:** NEGLIGENCE: FIRES. In an action against a railway company for damages resulting from fires set in the operation of the road, it is competent for the defendant to aver and show that it was without fault. BECK, CH. J., and DAY, J., *dissenting.* Following *Small v. The C., R. I. & P. R. Co.,* 50 Iowa, 338.

*Appeal from Worth Circuit Court.*

FRIDAY, JUNE 6.

ACTION to recover for fifteen stacks of grain, alleged to have been burned by fire in operating an engine upon the defendant's road. The defendant for answer averred that if the property was destroyed as alleged it was purely accidental, and without fault or neglect on the defendant's part. As a further defense the defendant averred that the loss occurred by reason of the negligence of the plaintiff. The plaintiff demurred to that portion of the answer which averred that the loss was purely accidental, and occurred without the fault or neglect of the defendant, and replied to the defense of contributory negligence. The court sustained the demurrer, and

Slosson v. The B., C. R. & N. R. Co.

the case having been tried to a jury there was a judgment and verdict for the plaintiff. The defendant appeals.

*J. & S. K. Tracy,* for appellant.

*B. F. Hartshorn,* for appellee.

ADAMS, J.—I. In the case of *Small v. The C., R. I. & P. R. Co.,* 50 Iowa, 338, it was held that it was competent for

1. RAILROADS: negligence: fires.

the defendant to aver and show that it was without fault. Under the ruling in that case the plaintiff's demurrer should have been overruled.

II. The court gave an instruction in these words: "If the plaintiff failed to plow around his stacks such failure would not constitute negligence unless cautious and prudent farmers generally plow around their stacks under like circumstances." The giving of this instruction is assigned as error. It is insisted that there is no evidence upon which it could be based. Whether the measure of care which the plaintiff should have exercised can be determined by the custom of others we need not consider. Such question is not presented. If it could be so determined there should be some evidence of custom, and we find none in this case.

REVERSED.

Chief Justice BECK and Mr. Justice DAY dissent upon the first point of this opinion.